JUDITH A. PHILIPS
Acting United States Attorney
District of Hawaii

MICHAEL NAMMAR
MARK INCIONG CA BAR #163443
MICAH SMITH
Assistant United States Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Fax: (808) 541-2958
E-Mail: michael.nammar@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
Jun 3, 2021, 2:23pm
Michelle Rynne, Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. **21-00082 LEK** |
| Plaintiff, ) | INFORMATION |
| vs. ) | [18 U.S.C. § 371] |
| TRICIA CASTRO, ) | |
| Defendant. ) | |

INFORMATION

The U.S. Attorney charges:

Conspiracy
(18 U.S.C. § 371)

<u>Introductory Allegations</u>

At all times relevant to this Information:

1. Michael J. Miske, Jr., was the de facto owner of a number of entities that included: (1) Kama`aina Termite and Pest Control, Inc. (KTPC), (2) Oahu Termite and Pest Management, LLC, (3) Kama`aina Holdings, LLC, (4) Kama`aina Plumbing and Home Renovations, (5) Kama`aina Energy, LLC (formerly Kama`aina Solar Solutions), (6) Makana Pacific Development, LLC, (7) Leverage, Inc., known as the Encore Nightclub (formerly the M Nightclub), (8) Hawaii Partners, LLC, (9) Kama`aina Rolloffs, LLC, (10) Laura Ann Fisheries, LLC, and (11) Da Poke Shack Honolulu, LLC.

2. Defendant TRICIA CASTRO was a certified public accountant licensed to practice in the State of Hawaii.

3. The Internal Revenue Service ("IRS") was an agency of the United States Department of Treasury. The IRS had responsibility for the assessment, ascertainment, computation and collection of federal income taxes, including individual income taxes.

//

//

The Conspiracy

4. From a precise date unknown, but by at least 2010, and continuing to in or around October 2018, within the District of Hawaii and elsewhere, TRICIA CASTRO, the defendant, did knowingly conspire with Michael J. Miske, Jr., D.F.M., J.Y., and others, known and unknown, to: (a) defraud the United States for the purpose of impeding, impairing, obstructing and defeating the lawful governmental functions of the IRS in the ascertainment, computation, assessment, and collection of revenue, namely, income and employment taxes; and (b) commit offenses against the United States, namely, bank fraud, in violation of Title 18, United States Code, Section 1344.

Manner and Means of the Conspiracy

5. The defendant and her coconspirators agreed to conceal funds and income from the IRS. They did so by, among other things, filing false federal tax returns for Miske, Miske's businesses, D.F.M., and J.Y. As the CPA for Miske, Miske's businesses, D.F.M., and J.Y., CASTRO guided the preparation of false tax returns, signed the false tax returns, and submitted them to the IRS. The defendant and her coconspirators knew that the tax returns were fraudulent because the returns failed to report income from companies which the coconspirators owned or operated. The defendant and her coconspirators also knew that Miske's

businesses were failing to report employee income to the IRS and withhold the proper amount of employment tax because the businesses routinely paid workers in cash "off the books."

6. The defendant and her coconspirators also agreed to defraud financial institutions by making false statements to secure loans. During the loan application process, the defendant and her coconspirators falsely misrepresented the ownership status of several of Miske's companies in order to receive loans. Among other things, the defendant and her coconspirators submitted documents to the State of Hawaii Department of Commerce and Consumer Affairs, which falsely stated the true ownership of Miske's businesses. During the loan process, CASTRO spoke to lenders and advised other coconspirators what false documents needed to be created in order to secure the loans.

Overt Acts

7. In furtherance of the conspiracy and to effect the objects thereof, TRICIA CASTRO, Miske, and others committed various overt acts, including the following:

    a. In or around January 2017, CASTRO provided a loan officer with false tax returns that failed to accurately report Miske's financial obligations.

b. On or about April 21, 2017, CASTRO sent a text message to Miske, which stated: "Mike I just had a discussion with [Servco Employee]. He is trying to comply with the BOH loan requirements. Similar to setting up bank accounts with [Individual A] they will need to see [Individual B] added with the manager status on the DCCA. [Servco employee] can submit the application but ultimately BOH will wait to approve when DCCA adds him as a manager. Thank you."

c. On or about April 25, 2017, in response to a message from D.F.M. that KTPC would be paying an employee off the books, CASTRO sent a text message to D.F.M., which stated: "Uh okay we can make him a[n] inactive employee. Thanks."

d. On or about August 9, 2017, CASTRO sent a text message to Miske that stated: "Mike I was wondering how you wanted to handle the ownership in Kama`aina Plumbing. The Reliant loan is pretty much good to go except for the proof of ownership in Kama`aina Plumbing. Thank you."

e. In or around September 2017, CASTRO prepared and signed Miske's Form 1040 individual tax return for tax year 2016, which failed to report business income made from Da Poke Shack, LLC.

     f.     In or around September 2017, CASTRO prepared and submitted Form 1120S for Leverage, Inc., for tax year 2016, which failed to report owner distributions made from Leverage, Inc.

All in violation of Title 18, United States Code, Section 371.

## FORFEITURE NOTICE

1. The allegations contained in all paragraphs of this Information are hereby realleged and incorporated by reference for the purpose of noticing forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

2. The United States hereby gives notice to the defendant that, upon conviction of the offense charged in this Information, the government will seek forfeiture, in accordance with Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), of any and all property, real or personal, that constitutes or is derived from proceeds traceable to the violation of Title 18, United States Code, Sections 371 and 1344, alleged in this Information.

3. If by any act or omission of the defendant, any of the property subject to forfeiture described in paragraph 2 herein:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be subdivided

without difficulty,

the United States of America will be entitled to forfeiture of substitute property up to the value of the property described above in paragraph 2, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

DATED: May 28, 2021, Honolulu, Hawaii.

JUDITH A. PHILIPS
Acting United States Attorney
District of Hawaii

MICHAEL NAMMAR
MARK INCIONG
MICAH SMITH
Assistant United States Attorneys

United States v. Tricia Castro
Information
Cr. No.