ORIGINAL

JUDITH A. PHILIPS
Acting United States Attorney
District of Hawaii

MICHAEL NAMMAR
MARK INCIONG
MICAH SMITH
Assistant U.S. Attorneys
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii   96850
Telephone:   (808) 541-2850
Facsimile:   (808) 541-2958
Email:   Michael.Nammar@usdoj.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 18 2021

at 9 o'clock and 15 min. A M ayr
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 21-00082 DKW |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF PLEA |
| | ) | AGREEMENT |
| vs. | ) | |
| | ) | |
| TRICIA CASTRO, | ) | DATE:   June 17, 2021 |
| | ) | TIME:   8:30 a.m. |
| Defendant. | ) | JUDGE:   Derrick K. Watson |
| | ) | |
| | ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the

UNITED STATES OF AMERICA, by its attorney, the Acting United States

Attorney for the District of Hawaii, and the defendant, TRICIA CASTRO, and her attorney, Ed Robinson, Esq., have agreed upon the following:

## THE CHARGES

1.     The defendant acknowledges that she has been charged in an Information with violating Title 18, United States Code, Section 371.

2.     The defendant has read the charge against her contained in the Information, and that charge has been fully explained to her by her attorney.

3.     The defendant fully understands the nature and elements of the crime with which she has been charged.

## THE AGREEMENT

4.     The defendant agrees to waive indictment and enter a voluntary plea of guilty to the Information, which charges her with conspiracy to defraud the United States and conspiracy to commit bank fraud, all in violation of Title 18, United States Code, Section 371.   The defendant is aware that she has the right to have this felony asserted against her by way of grand jury indictment.   The defendant hereby waives this right and consents that this offense may be charged against her by way of the Information.   In return, the government agrees not to bring additional charges against the defendant based on evidence now known to the government.

2

5.     The defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6.     The defendant enters this plea because she is in fact guilty of conspiracy to defraud the United States and conspriacy to commit bank fraud as charged in the Information, and she agrees that this plea is voluntary and not the result of force or threats.

## **PENALTIES**

7.     The defendant understands that the penalties for the offense to which she is pleading guilty include:

a.     A term of imprisonment of five years and a fine of up to $250,000, plus a term of supervised release up to three years.

b.     In addition, the Court must impose a $100 special assessment as to the charge to which the defendant is pleading guilty.   The defendant agrees to pay $100 for the charge to which she is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing.   The defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this Agreement at its option.

3

   c. **Forfeiture.** Pursuant to 18 U.S.C. § 981(a)(1)(C) & 28

U.S.C. § 2461, forfeiture of any property, real or personal, which constitutes or is

derived from proceeds traceable to a violation of a specified unlawful activity

within the meaning of 18 U.S.C. § 1956(c)(7) or a conspiracy to commit such

offense.

   d. **Restitution.** The Court must also award restitution pursuant to

Title 18, United States Code, Section 3663A, to the persons and entities victimized

by the defendant's offenses. The defendant understands that the Court will

determine the amounts of restitution to be ordered, as well as the persons and

entities entitled to such restitution, with the assistance of the United States

Probation Office. The defendant agrees to pay restitution to the Internal Revenue

Service (IRS) in an amount to be determined by the Court at sentencing, pursuant

to 18 U.S.C. § 3663(a)(3). The defendant understands and agrees that this figure

does not include interest under 26 U.S.C. § 6601, which will be assessed by the

IRS pursuant to Title 26. The defendant agrees that restitution is due and payable

immediately after the judgment is entered and is subject to immediate enforcement,

in full, by the United States. If the Court imposes a schedule of payments, the

defendant agrees that the schedule of payments is a schedule of the minimum

payment due, and that the payment schedule does not prohibit or limit the methods

4

by which the United States may immediately enforce the judgment in full. The

IRS will use the amount of restitution order as the basis for a civil assessment

under 26 U.S.C. §6201(a)(4). The defendant does not have the right to challenge

the amount of this restitution-based assessment. *See* 26 U.S.C.

§6201(a)(4)(C). Neither the existence of a restitution payment schedule nor the

defendant's timely payment of restitution according to that schedule will preclude

the IRS from immediately collecting the full amount of the restitution-based

assessment.

## **FACTUAL STIPULATIONS**

8.     The defendant admits the following facts and agrees that they are not

a detailed recitation, but merely an outline of what happened in relation to the

charge to which the defendant is pleading guilty:

a.  From at least 2009 and continuing until 2016, the defendant was

employed as an accounting manager at AATS, LLC.   From 2016 and continuing

until 2018, the defendant was a partner at Egami & Ichikawa CPAs, Inc.

b.  One the defendant's clients while employed at AATS, LLC, and

Egami & Ichikawa CPAs, Inc., was Michael J. Miske, Jr. (Miske).   As Miske's

accountant, the defendant prepared and submitted Miske's business and personal

5

tax returns for tax periods 2009 through 2017.   The defendant disengaged with Miske and his businesses in or around January 2019.

c.   During the time period charged in the Information, Miske owned and/or operated the following entities:   Kamaaina Termite and Pest Control, Inc., Oahu Termite and Pest Control, Hawaii Partners, LLC, Kamaaina Energy LLC, Kamaaina Hauling, Kamaaina Holding LLC, Kamaaina Plumbing LLC, Kamaaina Plumbing & Renovation LLC, Kamaaina Rolloffs LLC, Leverage Entertainment LLC, Leverage Inc., Makana Pacific Development LLC, Laura Ann Fisheries LLC, and Da Poke Shack Honolulu, LLC.

d.   As the accountant for Miske and his entities, the defendant prepared the following tax returns:   (i) Miske's personal tax return Form 1040 for the tax periods 2009 through 2017, (ii) D.F.M.'s personal tax return Form 1040 for the tax periods 2016 and 2017, (iii) J.Y.'s personal tax return Form 1040 for tax periods 2014 through 2017, (iv) Hawaii Partners LLC's Form 1065 for tax periods 2014 through 2017, (v) Kamaaina Rolloffs LLC's Form 1065 for tax periods 2010 through 2013, (vi) Kamaaina Termite and Pest Control, Inc.'s Form 1120S for tax periods 2009 through 2017, (vii) Laura Ann Fisheries LLC's Form 1065 for tax periods 2014 through 2017, and (viii) Leverage Inc.'s Form 1120S for tax periods 2011 through 2017.

6

e.  The defendant and her coconspirators (Miske, D.F.M., and J.Y.) agreed to conceal funds and income from the IRS.   They did so by, among other things, filing false federal tax returns for Miske, Miske's businesses, D.F.M., and J.Y.   As the CPA for Miske, Miske's businesses, D.F.M., and J.Y., the defendant guided the preparation of false tax returns, signed the false tax returns, and submitted them to the IRS.   The defendant and her coconspirators knew that the tax returns were fraudulent because the returns failed to report income from companies which the coconspirators owned or operated.   The defendant and her coconspirators also knew that Miske's businesses were failing to report employee income to the IRS and withhold the proper amount of employment tax because the businesses routinely paid workers in cash "off the books."

f.  The corporate returns prepared by the defendant were false because, among other things, the returns underreported business income by not reporting all cash sales and failing to include income from larger business projects.   In addition, in the corporate returns Miske's personal living expenses were improperly deducted as business expenses.   For example, portions of an $11.5 million renovation to Miske's personal residence were expensed as business expenses.

g.  Miske's individual tax returns prepared by the defendant were false

7

because, among other things, the returns reported flow through net business income that was under-stated.   Miske, for example, had draws that were received from the businesses operated in a given year for personal use and personal expenditures that were not recognized as income.

h. The defendant was responsible for preparing and submitting Forms 940 and 941 for Miske's business entities.   There were periods that the Forms 940 and 941 did not accurately report all wages or report all of the payroll taxes that should have been withheld.

i. The defendant was also responsible for preparing and submitting Forms W-2 to the IRS and to Miske's employees.   Some of the Forms W-2 were false because they did not report the employees' true income for the respective tax period.

j. The defendant and her coconspirators also agreed to defraud financial institutions by making false statements to secure loans.   During the loan application process, the defendant and her coconspirators falsely misrepresented the ownership status of several of Miske's companies in order to receive loans. Among other things, the defendant and her coconspirators submitted documents to the State of Hawaii Department of Commerce and Consumer Affairs, which falsely stated the true ownership of Miske's businesses.   During the loan process,

CASTRO spoke to lenders and advised other coconspirators what false documents needed to be created in order to secure the loans.

      k.  In furtherance of the conspiracy and to effect the objects thereof, CASTRO, Miske, and others committed various overt acts, including the following:

      (i)    In or around January 2017, CASTRO provided a loan officer with false tax returns that failed to accurately report Miske's financial obligations.

      (ii)    On or about April 21, 2017, CASTRO sent a text message to Miske, which stated: "Mike I just had a discussion with [Servco Employee].  He is trying to comply with the BOH loan requirements.  Similar to setting up bank accounts with [Individual A] they will need to see [Individual B] added with the manager status on the DCCA.  [Servco employee] can submit the application but ultimately BOH will wait to approve when DCCA adds him as a manager.  Thank you."

9

(iii)   On or about April 25, 2017, in response to a message from D.F.M. that Kamaaina Termite and Pest Control would be paying an employee off the books, CASTRO sent a text message to D.F.M., which stated: "Uh okay we can make him a[n] inactive employee. Thanks."

(iv)   On or about August 9, 2017, CASTRO sent a text message to Miske that stated: "Mike I was wondering how you wanted to handle the ownership in Kama`aina Plumbing.   The Reliant loan is pretty much good to go except for the proof of ownership in Kama'aina Plumbing.   Thank you."

(v)   In or around September 2017, CASTRO prepared and signed Miske's Form 1040 individual tax return for tax year 2016, which failed to report business income made from Da Poke Shack, LLC.

(vi)   In or around September 2017, CASTRO prepared and submitted Form 1120S for Leverage, Inc., for tax year

2016, which failed to report owner distributions made

from Leverage, Inc.

9.      Pursuant to CrimLR 32.1(a) of the Local Rules of the United States

District Court for the District of Hawaii, the parties agree that the charge to which

the defendant is pleading guilty adequately reflects the seriousness of the actual

offense behavior and that accepting this Agreement will not undermine the

statutory purposes of sentencing.

## SENTENCING STIPULATIONS

10.     Pursuant to CrimLR 32.1(b) of the Local Rules of the United States

District Court for the District of Hawaii and Section 6B1.4 of the Sentencing

Guidelines, the parties stipulate to the following for the purpose of the sentencing

of the defendant in connection with this matter:

a.      The parties reserve the right to contest the tax loss amount at

sentencing, as well as the amount of restitution payable to the persons and entities

victimized by the defendant's offenses.

b.      As of the date of this agreement, it is expected that the

defendant will enter a plea of guilty prior to the commencement of trial, will

truthfully admit her involvement in the offense and related conduct, and will not

engage in conduct that is inconsistent with such acceptance of responsibility.   If

11

all of these events occur, and the defendant's acceptance of responsibility

continues through the date of sentencing, a downward adjustment of 2 levels for

acceptance of responsibility will be appropriate.   *See* U.S.S.G. § 3E1.1(a) and

Application Note 3.

          c.    The United States Attorney agrees that the defendant's

agreement herein to enter into a guilty plea constitutes notice of intent to plead

guilty in a timely manner, so as to permit the government to avoid preparing for

trial as to the defendant.   Accordingly, the United States Attorney anticipates

moving in the Government's Sentencing Statement for a one-level reduction in

sentencing offense level pursuant to Guideline § 3E1.1(b)(2), if the defendant is

otherwise eligible.   The defendant understands that notwithstanding its present

intentions, and still within the Agreement, the prosecution reserves the rights (1) to

argue to the contrary in the event of receipt of new information relating to those

issues, and (2) to call and examine witnesses on those issues in the event that either

the United States Probation Office finds to the contrary of the prosecution's

intentions or the Court requests that evidence be presented on those issues.

        11.    The parties agree that notwithstanding the parties' Agreement herein,

the Court is not bound by any stipulation entered into by the parties but may, with

the aid of the presentence report, determine the facts relevant to sentencing.   The

parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

12.     The parties represent that as of the date of this agreement there are no material facts in dispute.

## APPEAL/COLLATERAL REVIEW

13.     The defendant is aware that she has the right to appeal her conviction and the sentence imposed.   The defendant knowingly and voluntarily waives the right to appeal, except as indicated in subparagraph "b" below, her conviction and any sentence within the Guidelines range as determined by the Court at the time of sentencing, and any lawful restitution order imposed, or the manner in which the sentence or restitution order was determined, on any ground whatsoever, in exchange for the concessions made by the prosecution in this Agreement.   The defendant understands that this waiver includes the right to assert any and all legally waivable claims.

a.     The defendant also waives the right to challenge her conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that the defendant may make such a challenge (1) as

13

indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

b.    If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the defendant, the defendant retains the right to appeal the portion of her sentence greater than specified in that guideline range and the manner in which that portion was determined and to challenge that portion of her sentence in a collateral attack.

c.    The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

## FINANCIAL DISCLOSURE

14.    In connection with the collection of restitution or other financial obligations, including forfeiture as set forth below, that may be imposed upon her, the defendant agrees as follows:

a.    The defendant agrees to fully disclose all assets in which she has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party.   The defendant agrees to truthfully complete the financial statement form provided to the defendant in connection with this Agreement by the earlier of 45 days from the

14

defendant's signature on this Agreement or the date of the defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the United States Attorney's Office and the United States Probation Office.   The defendant agrees to provide updates with any material changes in circumstances, as described in Title 18, United States Code, Section 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances.   The defendant's failure to timely and accurately complete and sign the financial statement, and any update thereto, may, in addition to any other penalty or remedy, constitute the defendant's failure to accept responsibility under U.S.S.G § 3E1.1.

       b.     The defendant expressly authorizes the United States Attorney's Office to obtain a credit report on her.   The defendant agrees to provide waivers, consents or releases requested by the United States Attorney's Office to access records to verify the financial information, such releases to be valid for a period extending 90 days after the date of sentencing.   The defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the United States Probation Office.

       c.     Prior to sentencing, the defendant agrees to notify the Financial Litigation Unit of the U.S. Attorney's Office before making any transfer of an interest in property with a value exceeding $1,000 owned directly or indirectly,

individually or jointly, by the defendant, including any interest held or owned

under any name, including trusts, partnerships and corporations.

## FORFEITURE

15.     As part of her acceptance of responsibility and pursuant to 18 U.S.C.

§ 981(a)(1)(C) & 28 U.S.C. § 2461, the defendant agrees as follows:

        a.      The defendant will consent to the entry of a money judgment in

an amount to be determined by the Court.

        b.      The defendant knowingly and voluntarily waives and agrees to

waive any and all constitutional, statutory, and other challenges to the forfeiture on

any and all grounds, including that the forfeiture constitutes an excessive fine or

punishment under the Eighth Amendment.   The defendant waives all

constitutional, legal, and equitable defenses to the entry of and collection of the

Forfeiture Money Judgment.   The defendant knowingly and voluntarily waives

any right to a jury trial on the forfeiture of property.

        c.      The defendant agrees to consent promptly upon request to the

entry of any orders deemed necessary by the government or the Court to complete

the forfeiture and disposition of the property.   The defendant waives the

requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure

regarding notice of forfeiture in the charging instrument, announcement of

16

forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that she understands that the forfeiture of the property, if the government elects to conduct the forfeiture criminally, will be part of the sentence imposed upon the defendant in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure, during the change of plea hearing. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, the defendant consents to the Forfeiture Money Judgment becoming final as to the defendant when entered.

d. The defendant understands that the forfeiture of the forfeitable property does not constitute and will not be treated as satisfaction, in whole or in part, of any fine, restitution, reimbursement of cost of imprisonment, or any other monetary penalty this Court may impose upon the defendant in addition to the forfeiture.

e. Payment of the Forfeiture Money Judgment shall be made by certified or bank check payable to the United States Marshals Service. On or before the date she enters her plea of guilty pursuant to this agreement, the defendant shall cause said check to be hand-delivered to the Asset Forfeiture Unit, United States Attorney's Office, District of Hawaii, PJKK Federal Building, 300

17

Ala Moana Boulevard, Room 6-100, Honolulu, Hawaii 96850, with the criminal docket number noted on the face of the check.

   f. If the Forfeiture Money Judgment is not paid on or before the date the defendant enters his plea of guilty pursuant to this agreement, interest shall accrue at the judgment rate of interest (as defined by 28 U.S.C. § 1961) on any unpaid portion thereof at the judgment rate of interest from that date. Furthermore, if the defendant fails to pay any portion of the Forfeiture Money Judgment on or before the date of her guilty plea, the defendant consents to the forfeiture of any other property alleged to be subject to forfeiture in the Information, including substitute assets, in full or partial satisfaction of the money judgment, and remains responsible for the payment of any deficiency until the Forfeiture Money Judgment, including any accrued interest, is paid in full.

### IMPOSITION OF SENTENCE

  16. The defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines.  The defendant agrees that there is no promise or guarantee of the applicability or non-applicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

17.     The defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary.   The defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charge adequately reflects the seriousness of the actual offense behavior and accepting the Agreement will not undermine the statutory purposes of sentencing.

## **WAIVER OF TRIAL RIGHTS**

18.     The defendant understands that by pleading guilty she surrenders certain rights, including the following:

a.     If the defendant persisted in a plea of not guilty to the charges against her, then she would have the right to a public and speedy trial.   The trial could be either a jury trial or a trial by a judge sitting without a jury.   The defendant has a right to a jury trial.   However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the prosecution, and the judge all must agree that the trial be conducted by the judge without a jury.

b.     If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random.   The defendant and her attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual

19

bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict her unless, after hearing all the evidence, it was persuaded of her guilt beyond a reasonable doubt.

c.    If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the defendant's guilt beyond a reasonable doubt.

d.    At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those prosecution witnesses and her attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on her own behalf. If the witnesses for the defendant would not appear voluntarily, the defendant could require their attendance through the subpoena power of the Court.

e.    At a trial, the defendant would have a privilege against self-incrimination so that she could decline to testify, and no inference of guilt could be drawn from her refusal to testify.

19.     The defendant understands that by pleading guilty, she is waiving all of the rights set forth in the preceding paragraph.   The defendant's attorney has explained those rights to her, and the consequences of the waiver of those rights.

## USE OF PLEA STATEMENTS

20.     If, after signing this Agreement, the defendant decides not to plead guilty as provided herein, or if the defendant pleads guilty but subsequently makes a motion before the Court to withdraw her guilty plea and the Court grants that motion, the defendant agrees that any admission of guilt that she makes by signing this Agreement or that she makes while pleading guilty as set forth in this Agreement may be used against her in a subsequent trial if the defendant later proceeds to trial.   The defendant voluntarily, knowingly, and intelligently waives any protection afforded by Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence regarding the use of statements made in this Agreement or during the course of pleading guilty when the guilty plea is later withdrawn.   The *only* exception to this paragraph is where the defendant fully complies with this Agreement but the Court nonetheless rejects it. Under those circumstances, the United States may not use those statements of the defendant for any purpose.

21.    The defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of the defendant's conduct regarding the charges against her, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

## COOPERATION

22.    The defendant agrees that she will fully cooperate with the United States.

a.    The defendant agrees to testify truthfully at any and all trials, hearings, or any other proceedings at which the prosecution requests her to testify, including, but not limited to, any grand jury proceedings, trial proceedings involving co-defendants and others charged later in the investigation, sentencing hearings, and related civil proceedings in which the United States is a party.

b.    The defendant agrees to be available to speak with law enforcement officials and representatives of the United States Attorney's Office at any time and to give truthful and complete answers at such meetings, but she understands she may have her counsel present at those conversations, if she so desires.

c.    The defendant agrees she will not assert any privilege to refuse to testify at any grand jury, trial, or other proceeding, involving or related to the

22

crimes charged in this Information or any subsequent charges related to this investigation, at which the prosecution requests her to testify.

        d.    The defendant agrees that her sentencing date may be delayed based on the government's need for the defendant's continued cooperation, and agrees not to object to any continuances of the defendant's sentencing date sought by the United States.

        e.    Pursuant to Section 1B1.8(a) of the Sentencing Guidelines, the prosecution agrees that self-incriminating information provided pursuant to this Agreement to cooperate will not be used in determining the applicable guideline range, except as may be provided in this Agreement and under Section 1B1.8(b) of the Sentencing Guidelines.

23.    In the event that the defendant does not breach any of the terms of this Agreement but the Court nonetheless refuses to accept the Agreement after the defendant has made statements to law enforcement authorities or representatives of the United States Attorney's Office pursuant to this Agreement, the prosecution agrees not to use said statements in its case-in-chief in the trial of the defendant in this matter.   The defendant understands that this does not bar the use of information and evidence derived from said statements or prohibit the use of the statements by the prosecution in cross-examination or rebuttal.

24.     Pursuant to Guidelines § 5Kl.1 and Rule 35(b) of the Federal Rules of Criminal Procedure, the prosecution may move the Court to depart from the Guidelines on the ground that the defendant has provided substantial assistance to authorities in the investigation or prosecution of another person who has committed an offense.   The defendant understands that:

a.      The decision as to whether to make such a request or motion is entirely up to the prosecution.

b.      This Agreement does not require the prosecution to make such a request or motion.

c.      This Agreement confers neither any right upon the defendant to have the prosecution make such a request or motion, nor any remedy to the defendant in the event the prosecution fails to make such a request or motion.

d.      Even in the event that the prosecution makes such a request or motion, the Court may refuse to depart from the Guidelines or to impose a sentence below the minimum level established by statute.

25.     The defendant and her attorney acknowledge that, apart from any written proffer agreements, if applicable, no threats, promises, agreements or conditions have been entered into by the parties other than those set forth in this Agreement, to induce the defendant to plead guilty.   Apart from any written

24

proffer agreements, if applicable, this Agreement supersedes all prior promises, agreements or conditions between the parties.

26.    To become effective, this Agreement must be signed by all signatories listed below.

27.    Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto.

DATED:   Honolulu, Hawaii, __June 3, 2021__ .

AGREED:

JUDITH A. PHILIPS
Acting United States Attorney
District of Hawaii


JUDITH A. PHILIPS
Acting Assistant U.S. Attorney


ED ROBINSON
Attorney for Defendant


MICHAEL NAMMAR
Assistant U.S. Attorney


TRICIA CASTRO
Defendant