# MINUTES

| | |
|---|---|
| CASE NUMBER: | CR 21-00082 DKW |
| CASE NAME: | USA v. (1) Tricia Castro |
| ATTYS FOR PLA: | *Michael David Nammar |
| ATTYS FOR DEFT: | (1) *Edward M. Robinson<br>(1) Kevin Gerard O'Grady |
| USPO: | Cheyenne McKee |

| | | | |
|---|---|---|---|
| JUDGE: | Derrick K. Watson | REPORTER: | Gloria Bediamol |
| DATE: | 2/12/2025 | TIME: | 9:00 am - 9:50 am |

COURT ACTION:  EP:  Sentencing to Count 1 of the Felony Information and hearing regarding [25] Government's Sealed Motion as to Defendant Tricia Castro held.

Defendant Tricia Castro present, not in custody.

Defendant Tricia Castro plead guilty to Count 1 of the Felony Information on 6/18/2021, with a Plea Agreement.

Parties have reviewed the revised Presentence Report and it is placed in the record.  Court adopts the factual findings of the revised Presentence Report.

The Memorandum of Plea Agreement has been accepted by the Court.

Court grants Government's request for a one-level acceptance of responsibility adjustment pursuant to 3E1.1(b).

The Court finds Defendant Tricia Castro is a Zero-Point Offender and meets the criteria under the new provisions of USSG §§ 4C1.1.

[25] Govt's. Sealed Motion re Sentencing - Granted.

Allocution by the Defendant Tricia Castro.

There are no objections to the sentencing guidelines.  Court findings made as to the

applicable sentencing guidelines.  Court notes the aggravating and mitigating factors related to Defendant Tricia Castro's Sentencing.

Recommendations by Counsel as to proposed sentence heard.  Court's proposed sentence stated.  No legal objections to the proposed sentence.  Court imposes sentence.

SENTENCE:

Imprisonment: 6 Months; 6 Months Home Confinement.

Supervised Release: 3 Years.

Fine: None.

Restitution: $437,608.80.  Parties to meet and confer to discuss if restitution should be imposed jointly and severally with at least two other individuals, Michael J. Miske and Jason K. Yokoyama.

Special Assessment: $100.00.

Court adopts all 13 Standard Conditions of Supervision Release recommended by Probation.

Conditions of Supervised Release:

You must abide by the mandatory and standard conditions of supervision, including the following conditions:

> Since you do not have a recent history of substance abuse and the offense is not drug-related, it is recommended that the Court waive the mandatory drug test condition:  You must refrain from any unlawful use of a controlled substance.  You must submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter, but no more than eight valid drug tests per month during the terms of supervision.
>
> You must cooperate in the collection of DNA as directed by the probation officer (mandatory condition).
>
> You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time the defendant is released, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.  (standard condition)

You must abide by the following special conditions:

1. You must participate in an outpatient mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation

   with the treatment provider, will supervise your participation in the program (such as provider, location, modality, duration, and intensity). You must take all mental health medications, including psychotropic medications, that are prescribed by your treating physician.

2. You will be monitored by Radio Frequency Monitoring for a period of 180 days, and you must follow the rules and regulations of the location monitoring program, pursuant to the Participant's Agreement. You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the officer. You must pay the costs of the program, as directed by the probation officer.

3. You must complete 200 hours of community service. The probation officer will supervise your completion of community service hours, including approving the community service site, the frequency of participation, etc. You must provide written verification of completed hours to the probation officer.

4. Restitution of $437,608.80 is due to: US Department of Treasury, Internal Revenue Service, Attn : Mail Stop 6261, Restitution, 333 West Pershing Avenue, Kansas City, MO 64108. Any unpaid balance is to be paid during th e period of supervision in monthly installments of 10% of your gross monthly income, commencing 30 days after the start of supervision. The court may order that this requirement be changed from time to time as your circumstances warrant, but no court order shall be required for your voluntary agreement to pay more than the court-ordered amount. Interest is waived while you are serving any term of imprisonment and shall begin accruing on any remaining balance commencing 30 days after the start of supervision. Payments must be made by payroll deduction, when applicable. You must notify the probation officer of any change in your financial circumstances that affect your ability to pay. Your financial circumstances must be reviewed by the probation officer on at least an annual basis. The victim's recovery is limited to the amount of its loss and the defendant's liability for restitution ceases if and when the victim receives full restitution.

5. You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the US Attorney's Office.

6. You must apply all monies received from income tax refunds, lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation, at the discretion and direction of the court.

7. You must not incur new credit charges, or open additional lines of credit, or apply for any loans without the prior approval of the probation officer. You must not borrow money or take personal loans from any individual without the prior approval of the probation officer.

8. You must maintain a single personal bank account, separate and apart from your spouse, any family members or others, into which all income, financial proceeds, and gains must be deposited and from which all expenses must be paid.

9. You must notify the probation officer of any contemplated employment and must obtain approval from the probation officer for all employment.

10. You must not be employed in any position that requires licensing and/or certification by any local, state, or federal agency without the prior approval of the probation officer.

11. You must not prepare or assist in the preparation of tax returns for other individuals without the prior approval of the probation officer.

12. You must submit your person, property, house, residence, vehicle, papers, or office, to a search conducted by a United States Probation Officer.  Failure to submit to a search may be grounds for revocation of release.  You must warn any other occupants that the premises may be subject to searches pursuant to this condition.  The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation.  Any search must be conducted at a reasonable time and in a reasonable manner.

Defendant Tricia Castro advised of her right to appeal within 14 days of entry of judgment.

Judicial Recommendations:
1. Defendant to be placed at Carswell FMC or Lexington FMC;
2. Defendant to receive Mental Health Assessment and any necessary treatment; and
3. Defendant to receive Vocational and Educational Training.

Mittimus stayed until 3/27/2025.

Without objections by the Govt., Court finds that there are exceptional reasons to justify the Defendant Tricia Castro to remain out on bail with the same conditions to apply until her self surrender at the facility designated by BOP before 2:00 p.m. on 3/27/2025.

Submitted by: Tammy Kimura, Courtroom Manager